Landon Newell (UT #14738)
Hanna Larsen (UT #18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Tele: (801) 486-3161
landon@suwa.org
hanna@suwa.org

*Attorneys for Plaintiffs Nine Mile Canyon Coalition and Southern Utah Wilderness Alliance*

Edward B. Zukoski (*pro hac vice pending*)
Wendy Park (*pro hac vice pending*)
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop Street, Suite 421
Denver, CO 80202
(303) 641-3149
tzukoski@biologicaldiversity.org
wpark@@biologicaldiversity.org

Oliver Wood (UT # 17474)
OLIVER WOOD LAW, PLLC
P.O. Box 581312
Salt Lake City, UT 84158
(206) 351-5320
ofinnwood@gmail.com

*Attorneys for Plaintiff Center for Biological Diversity*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

**NINE MILE CANYON COALITION, SOUTHERN UTAH WILDERNESS ALLIANCE**, and **CENTER FOR BIOLOGICAL DIVERSITY**,

Plaintiffs,

v.

**GERALD KENCZKA**, in his official capacity as Assistant Field Manager for Lands and Minerals, Vernal Field Office, Bureau of Land Management, **UNITED STATES BUREAU OF LAND MANAGEMENT**, and **UNITED STATES DEPARTMENT OF THE INTERIOR**,

Defendants.

**[PROPOSED] SCHEDULING ORDER IN AN ADMINISTRATIVE CASE UNDER DUCivR 7-4 AND REQUEST FOR EXPEDITED HEARING ON THE MERITS**

Case No. 2:26-cv-00932-HCN-JCB

District Judge Howard C. Nielson, Jr
Magistrate Judge Jared C. Bennett

Pursuant to Rule 7-4(c) of the Local Rules of Civil Practice of the United States District Court for the District of Utah, the parties submit this proposed scheduling order.

1. Agency Decision Challenged:

Plaintiffs the Nine Mile Canyon Coalition, Southern Utah Wilderness Alliance, and Center for Biological Diversity (collectively, "Plaintiffs") challenge the following decision issued by Gerald Kenczka, et al. (collectively, "Federal Defendants"):

- Decision Record for Wells Draw Road Amendment – Gate Canyon, DOI-BLM-UT-G010-2026-0076-EA (April 2026), and accompanying Finding of No Significant Impact and Environmental Assessment.

Through this decision, Federal Defendants approved the realignment and paving of the Wells Draw Road in Gate Canyon in eastern Utah (the "Gate Canyon Project").

2. Plaintiffs' Grounds for Challenging Agency Decision:

Plaintiffs challenge the Gate Canyon Project on the grounds that the Federal Defendants failed to disclose and analyze the foreseeable impacts of the Gate Canyon Project on a host of resources including, but not limited to, cultural, historical, archaeological, visual, scenic, traffic, wildlife and plant species listed under the Endangered Species Act ("ESA"), and the Nine Mile Canyon Area of Critical Environmental Concern ("ACEC"), in violation of the National Environmental Policy Act ("NEPA") and Administrative Procedure Act ("APA"). Moreover, Plaintiffs challenge the Gate Canyon Project on the grounds that the Federal Defendants failed to disclose and analyze a reasonable range of alternatives and failed to explain their changed position that certain alternatives were no longer reasonable, in violation of NEPA and the APA.

Plaintiffs also challenge the Gate Canyon Project on the grounds that the Federal Defendants' decision failed to conform to the governing land use plans because, *inter alia*, the

decision is inconsistent with management directives in those plans as they apply to nesting raptors, the Nine Mile Canyon ACEC, and Visual Resource Management class objectives, in violation of the Federal Land Policy and Management Act ("FLPMA"), and the APA.

Additionally, Plaintiffs challenge the Gate Canyon Project on the grounds that the Federal Defendants arbitrarily defined the "area of potential effect" and thus did not make a reasonable and good faith effort to identify historic and cultural properties, in violation of the National Historic Preservation Act ("NHPA") and the APA.

Finally, Plaintiffs challenge the Gate Canyon Project on the grounds that the Federal Defendants 1) failed to consult with the United States Fish and Wildlife Service prior to approving the Gate Canyon Project, and 2) irreversibly and irretrievably committed resources such that the decision foreclosed the formulation or implementation of any reasonable and prudent alternative measures, in violation of the ESA (*see generally* ECF Doc. 1).

3. Federal Defendants Reasons in Support of Decision:

The Federal Defendants deny that the Gate Canyon Project decision was arbitrary, capricious, not supported by substantial evidence, or otherwise contrary to NEPA, FLPMA, the NHPA, the ESA, or the APA.[1]

4. Dates of Filing of Relevant Documents:

a. Federal Defendants' response to Plaintiffs' complaint for declaratory and injunctive relief, pursuant to DUCivR 7-4(b)(2)(B): November 13, 2026.

[1] As proposed below, Federal Defendants will file their response to Plaintiffs' complaint for declaratory and injunctive relief on or before November 13, 2026, at which time, the parties anticipate that the Federal Defendants will affirmatively assert such denials.

b. Federal Defendants' lodging of the administrative record with the Court: November 13, 2026.

c. Plaintiffs' opening brief and, if any, motion to complete or supplement the administrative record: December 18, 2026.

d. Federal Defendants' answer brief and, if any, response to Plaintiffs' motion to complete or supplement the administrative record: January 28, 2027.

e. Plaintiffs' reply brief and, if any, reply in support of motion to complete or supplement the administrative record: February 11, 2027.

Plaintiffs' statement in support of their request for an expedited hearing: The challenged decision authorized road construction activities including the blasting of cliff walls in Gate Canyon—a side canyon to Nine Mile Canyon in eastern Utah. These activities will be implemented in two phases. Currently, Phase 1 is underway and, based on information and belief (*i.e.*, statements made by counsel for Federal Defendants), will likely be completed by the end of the year. Phase 1 involves approximate ½ mile of road construction activities. Phase 2 involves the majority and remainder of the project (approximately 4.8 miles of construction activities). Phase 2 is authorized to start now but, based on information and belief (*i.e.*, statements made by counsel for Federal Defendants), is unlikely to begin until March 1, 2027, at the earliest. For this reason, in hopes of avoiding the need to seek preliminary or injunctive relief Plaintiffs respectfully request that the Court schedule a hearing in this matter in February 2027, before Phase II construction begins.

Federal Defendants' response to Plaintiffs' request for an expedited hearing: Defendants take no position on Plaintiffs' request for an expedited hearing.

DATED this ____ day of ____, 2026.

BY THE COURT

________________________

APPROVED:

*/s/ Landon Newell*
Landon Newell
Hanna Larsen
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
landon@suwa.org
hanna@suwa.org

*Attorneys for Plaintiffs Nine Mile Canyon Coalition and Southern Utah Wilderness Alliance*

*/s/ Edward B. Zukoski* (with permission)
Edward B. Zukoski
Wendy Park
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop Street, Suite 421
Denver, CO 80202
tzukoski@biologicaldiversity.org
wpark@@biologicaldiversity.org

Oliver Wood
OLIVER WOOD LAW, PLLC
P.O. Box 581312
Salt Lake City, UT 84158
(206) 351-5320
ofinnwood@gmail.com

*Attorneys for Plaintiff Center for Biological Diversity*

*/s/ Jennifer R. Lake* (with permission)

Adam R.F. Gustafson
Principal Deputy Assistant Attorney General

Jennifer R. Lake
U.S. Department of Justice
Energy and Natural Resources Division
Natural Resources Section
999 18th St., North Tower, Ste. 600
Denver, CO 80202
Jennifer.Lake2@usdoj.gov

*Counsel for Federal Defendants*